Jeffrey M. Galen, Esq. [SBN 134705]
Glenn D. Davis, Esq. [150744]
GALEN & DAVIS, LLP
16255 Ventura Blvd., Suite 900
Encino, CA 91436
(818) 986-5685 (telephone)
(818) 986-1859 (facsimile)
EMAIL: jeffrey.galen@jgdlegal.com

Attorney for Plaintiff, Synnex Corporation



FILED
07 JUL 16 AM 11:17

E-Filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNNEX CORPORATION, a Delaware Corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>ATLANTA TELEPHONE SYSTEMS, INC., a Georgia Corporation; ATLANTA TELEPHONE & CABLE CORPORATION, a Georgia Corporation; ATLANTA TELEPHONE SALES & SERVICE COMPANY, a Georgia Corporation; ATLANTA TELEPHONE & DATA CORPORATION, a Georgia Corporation; PEACOCK COMMUNICATIONS, ATSSC, INC., a Georgia Corporation; and DOES 1 to 50, inclusive,<br><br>             Defendants. | Case No. C 07 3638 EDL<br><br>**COMPLAINT FOR;**<br><br>1) **BREACH OF CONTRACT;**<br>2) **OPEN BOOK ACCOUNT; and**<br>3) **ACCOUNT STATED;** |

1

Plaintiff, SYNNEX CORPORATION, a Delaware Corporation by and through its attorneys, Jeffrey M. Galen, Esq., of Galen & Davis, LLP, Attorneys at Law files this, its complaint against Defendants ATLANTA TELEPHONE SYSTEMS, INC., a Georgia Corporation; ATLANTA TELEPHONE & CABLE CORPORATION, a Georgia Corporation; ATLANTA TELEPHONE SALES & SERVICE COMPANY, a Georgia Corporation; ATLANTA TELEPHONE & DATA CORPORATION, a Georgia Corporation; PEACOCK COMMUNICATIONS, ATSSC, INC., a Georgia Corporation; for its claims as follows:

### FIRST CLAIM

### BREACH OF CONTRACT

1. At all times herein mentioned, Plaintiff, (hereinafter referred to as "SYNNEX") was and is a Delaware Corporation qualified to do business in the State of California with its principal place of business in the City of Fremont, State of California.

2. SYNNEX is informed, believes and thereupon alleges that at all times mentioned herein, ATLANTA TELEPHONE SYSTEMS, INC., a Georgia Corporation (hereinafter referred to as "ATLANTA TELEPHONE" and collectively referred to as "Defendants") was and is a Georgia Corporation with its principal place of business located at 3435 Breckinridge Blvd., Suite 120, Duluth, Georgia 30096.

3. SYNNEX is informed, believes and thereupon alleges that at all times mentioned herein, ATLANTA TELEPHONE & CABLE CORPORATION, a Georgia Corporation (hereinafter referred to as "ATLANTA CABLE" and collectively referred to as "Defendants") was and is a Georgia Corporation with its principal place of business

located at 3435 Breckinridge Blvd., Suite 120, Duluth, Georgia 30096.

4. SYNNEX is informed, believes and thereupon alleges that at all times mentioned herein, ATLANTA TELEPHONE SALES & SERVICE COMPANY, a Georgia Corporation (hereinafter referred to as "ATLANTA SALES" and collectively referred to as "Defendants") was and is a Georgia Corporation with its principal place of business located at 3435 Breckinridge Blvd., Suite 120, Duluth, Georgia 30096.

5. SYNNEX is informed, believes and thereupon alleges that at all times mentioned herein, ATLANTA TELEPHONE & DATA CORPORATION, a Georgia Corporation (hereinafter referred to as "ATLANTA DATA" and collectively referred to as "Defendants") was and is a Georgia Corporation with its principal place of business located at 3435 Breckinridge Blvd., Suite 120, Duluth, Georgia 30096.

6. SYNNEX is informed, believes and thereupon alleges that at all times mentioned herein, PEACOCK COMMUNICATIONS, ATSSC, INC., a Georgia Corporation (hereinafter referred to as "PEACOCK ATSSC" and collectively referred to as "Defendants") was and is a Georgia Corporation with its principal place of business located at 3435 Breckinridge Blvd., Ste. 120, Duluth, Georgia 30096.

7. SYNNEX is informed and believe, and thereon allege, that at all times herein mentioned, ATLANTA TELEPHONE controlled and dominated ATLANTA CABLE, and vice versa, and ATLANTA CABLE is, and at all times relevant herein was, the alter-ego of ATLANTA TELEPHONE. SYNNEX is also informed and believe, and thereon allege, that there is, and at all times relevant herein there has been, a unity of interest and ownership between ATLANTA TELEPHONE and ATLANTA CABLE, such that any individuality and separateness between them has ceased to exist. SYNNEX is

informed and believe, and thereon allege, that there is, and at all times relevant herein there was, such a unity of interest between ATLANTA TELEPHONE and ATLANTA CABLE because they have used and continue to use control and domination over each other to, *inter alia*: a) commingle funds between ATLANTA TELEPHONE and ATLANTA CABLE; b) divert funds and other assets from ATLANTA CABLE for ATLANTA TELEPHONE'S own use, and vice versa; c) fail to maintain or adequately maintain company records; d) fail to maintain company legal formalities; e) avoid liability for the management and control of ATLANTA CABLE AND ATLANTA TELEPHONE; f) inadequately capitalize ATLANTA CABLE and ATLANTA TELEPHONE; g) use ATLANTA CABLE and ATLANTA TELEPHONE as a mere "shell" and "sham" company for purposes for systematically and consciously unjustly enriching ATLANTA CABLE at the expense of SYNNEX; and h) commit fraud, conversion and other wrongful acts against SYNNEX. As a result of the foregoing, ATLANTA CABLE is jointly and severally liable to SYNNEX on each and every cause of action alleged against ATLANTA TELEPHONE, Defendants and each of them.

8. SYNNEX is informed and believe, and thereon allege, that at all times herein mentioned, ATLANTA TELEPHONE controlled and dominated ATLANTA SALES, and vice versa, and ATLANTA SALES is, and at all times relevant herein was, the alter-ego of ATLANTA TELEPHONE. SYNNEX is also informed and believe, and thereon allege, that there is, and at all times relevant herein there has been, a unity of interest and ownership between ATLANTA TELEPHONE and ATLANTA SALES, such that any individuality and separateness between them has ceased to exist. SYNNEX is informed and believe, and thereon allege, that there is, and at all times relevant herein

there was, such a unity of interest between ATLANTA TELEPHONE and ATLANTA SALES because they have used and continue to use control and domination over each other to, *inter alia*: a) commingle funds between ATLANTA TELEPHONE and ATLANTA SALES; b) divert funds and other assets from ATLANTA SALES for ATLANTA TELEPHONE'S own use, and vice versa; c) fail to maintain or adequately maintain company records; d) fail to maintain company legal formalities; e) avoid liability for the management and control of ATLANTA SALES AND ATLANTA TELEPHONE; f) inadequately capitalize ATLANTA SALES and ATLANTA TELEPHONE; g) use ATLANTA SALES and ATLANTA TELEPHONE as a mere "shell" and "sham" company for purposes for systematically and consciously unjustly enriching ATLANTA SALES at the expense of SYNNEX; and h) commit fraud, conversion and other wrongful acts against SYNNEX. As a result of the foregoing, ATLANTA SALES is jointly and severally liable to SYNNEX on each and every cause of action alleged against ATLANTA TELEPHONE, Defendants and each of them.

    9. SYNNEX is informed and believe, and thereon allege, that at all times herein mentioned, ATLANTA TELEPHONE controlled and dominated ATLANTA DATA, and vice versa, and ATLANTA DATA is, and at all times relevant herein was, the alter-ego of ATLANTA TELEPHONE. SYNNEX is also informed and believe, and thereon allege, that there is, and at all times relevant herein there has been, a unity of interest and ownership between ATLANTA TELEPHONE and ATLANTA DATA, such that any individuality and separateness between them has ceased to exist. SYNNEX is informed and believe, and thereon allege, that there is, and at all times relevant herein there was, such a unity of interest between ATLANTA TELEPHONE and ATLANTA

DATA because they have used and continue to use control and domination over each other to, *inter alia*: a) commingle funds between ATLANTA TELEPHONE and ATLANTA DATA; b) divert funds and other assets from ATLANTA DATA for ATLANTA TELEPHONE'S own use, and vice versa; c) fail to maintain or adequately maintain company records; d) fail to maintain company legal formalities; e) avoid liability for the management and control of ATLANTA DATA AND ATLANTA TELEPHONE; f) inadequately capitalize ATLANTA DATA and ATLANTA TELEPHONE; g) use ATLANTA DATA and ATLANTA TELEPHONE as a mere "shell" and "sham" company for purposes for systematically and consciously unjustly enriching ATLANTA SALES at the expense of SYNNEX; and h) commit fraud, conversion and other wrongful acts against SYNNEX. As a result of the foregoing, ATLANTA DATA is jointly and severally liable to SYNNEX on each and every cause of action alleged against ATLANTA TELEPHONE, Defendants and each of them.

10. SYNNEX is informed and believe, and thereon allege, that at all times herein mentioned, ATLANTA TELEPHONE controlled and dominated PEACOCK ATSSC, and vice versa, and PEACOCK ATSSC is, and at all times relevant herein was, the alter-ego of ATLANTA TELEPHONE. SYNNEX is also informed and believe, and thereon allege, that there is, and at all times relevant herein there has been, a unity of interest and ownership between ATLANTA TELEPHONE and PEACOCK ATSSC, such that any individuality and separateness between them has ceased to exist. SYNNEX is informed and believe, and thereon allege, that there is, and at all times relevant herein there was, such a unity of interest between ATLANTA TELEPHONE and PEACOCK ATSSC because they have used and continue to use control and domination over each

other to, *inter alia*: a) commingle funds between ATLANTA TELEPHONE and PEACOCK ATSSC; b) divert funds and other assets from PEACOCK ATSSC for ATLANTA TELEPHONE'S own use, and vice versa; c) fail to maintain or adequately maintain company records; d) fail to maintain company legal formalities; e) avoid liability for the management and control of PEACOCK ATSSC AND ATLANTA TELEPHONE; f) inadequately capitalize PEACOCK ATSSC and ATLANTA TELEPHONE; g) use PEACOCK ATSSC and ATLANTA TELEPHONE as a mere "shell" and "sham" company for purposes for systematically and consciously unjustly enriching PEACOCK ATSSC at the expense of SYNNEX; and h) commit fraud, conversion and other wrongful acts against SYNNEX. As a result of the foregoing, PEACOCK ATSSC is jointly and severally liable to SYNNEX on each and every cause of action alleged against ATLANTA TELEPHONE, Defendants and each of them.

11. The court has subject matter jurisdiction over all claims asserted herein and personal jurisdiction over all parties to 28 USC section 1332. The amount in controversy exceeds the amount of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs and is between corporations of different states.

12. At all times mentioned herein, SYNNEX is engaged in the business as a reseller of computer hardware with its corporate offices in the City of Fremont, State of California.

13. On or about January 13, 2003, SYNNEX entered into a Credit Application Agreement with Defendants in which SYNNEX sold and delivered computer products to Defendants and in consideration thereof, Defendants agreed to pay SYNNEX for the products ordered and received. A true and correct copy of the Credit Application

Agreement is attached hereto as Exhibit "1."

14. SYNNEX has duly performed all of the conditions and/or obligations on its part to be performed under the terms of the above said agreements.

15. On or about July 4, 2007, Defendants breached the above said agreements by failing and refusing to pay SYNNEX for the products ordered and received in the amount of Six Hundred Fifty Eight Thousand Two Hundred Seventy One Dollars and Thirty One Cents ($658,271.31).

16. As a direct result of said Defendants wrongful and unlawful conduct in the manner described above, SYNNEX has sustained damages, in a total sum of Six Hundred Fifty Eight Thousand Two Hundred Seventy One Dollars and Thirty One Cents ($658,271.31), or in an amount to be stated according to proof at the time trial.

17. As a further direct result of the above-said Defendants wrongful and unlawful conduct in a manner described above, SYNNEX was required to, and did, employ attorneys for the purposes of representing it in the above-entitled action, and as a result thereof, will incur attorney fees and costs in amounts not now known, but which will be stated according to proof at the time of trial.

18. As a further result of Defendants wrongful and unlawful conduct in a manner as described above, SYNNEX is entitled to pretrial interest on all amounts due and owing at the legal rate per annum from July 4, 2007, to the date of trial.

## SECOND CLAIM

## OPEN BOOK ACCOUNT

19. Plaintiff realleges paragraphs 1 through 18 inclusive of its First Claim and

incorporates them by reference as though fully set forth herein.

20. Within the last four years, Defendants has become indebted to SYNNEX, on an open book account for merchandise ordered and received by Defendants in the amount of Six Hundred Fifty Eight Thousand Two Hundred Seventy One Dollars and Thirty One Cents ($658,271.31), at the special instance and request of Defendants and/or for their use and benefit.

21. Neither the whole nor any part of said sum has been paid although a demand has been made, and there is now due, owing and unpaid from Defendants to SYNNEX, the sum of Six Hundred Fifty Eight Thousand Two Hundred Seventy One Dollars and Thirty One Cents ($658,271.31), together with interest thereon at the legal rate per annum in an amount according to proof at time of trial.

## THIRD CLAIM

## ACCOUNT STATED

22. Plaintiff realleges paragraphs 1 through 18 inclusive of its First Claim and paragraphs 19 through 21 inclusive of its Second Claim and incorporates them by reference as though fully set forth herein.

23. Within the last four years, an account was stated in writing by and between SYNNEX and Defendants wherein it was agreed the Defendants and each of them, were indebted to SYNNEX in the sum of Six Hundred Fifty Eight Thousand Two Hundred Seventy One Dollars and Thirty One Cents ($658,271.31).

24. Neither the whole nor any part of said sum has been paid although a demand has been made, and there is now due, owing and unpaid from Defendants to

SYNNEX, the sum of Six Hundred Fifty Eight Thousand Two Hundred Seventy One Dollars and Thirty One Cents ($658,271.31), together with interest thereon at the legal rate per annum in an amount according to proof at time of trial.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants and each of them as follows:

1. For all general, special, consequential and/or incidental damages in the sum of at least Six Hundred Fifty Eight Thousand Two Hundred Seventy One Dollars and Thirty One Cents ($658,271.31), or in an amount to be stated according to proof the time of trial;

2. For interest thereon at the legal rate from July 4, 2007, or in an amount according to proof at time of trial;

3. For reasonable attorneys fees in an amount to be stated according to proof at the time of trial;

4. For all costs of suit herein incurred; and

5. For such other and further relief as this Court may deem just and proper.

Dated: July 11, 2007

GALEN & DAVIS LLP

By: _____
Jeffrey M. Galen, Esq.
16255 Ventura Blvd., Suite 900
Encino, CA 91436
Attorneys for Plaintiff,
SYNNEX CORPORATION

**EXHIBIT 1**

# Credit Application

Account #: 292288

**SYNNEX**
3797 Spinnaker Court
Fremont, CA 94538
(800) 756-9525  (510) 656-3123
39 Pelham Ridge Drive
Greenville, SC 29615
(800) 756-9396 • (864) 289-4000

PLEASE CHECK ONE:
☐ MasterCard/VISA
☐ COD-Company Check
☐ Net Terms

Requested Credit Limit: _____

Order Pending: ☐ Yes ☐ No
Sales Rep Code: _____

Company or Corporate Name (Exact Legal Name): **Atlanta Telephone Co Inc**
Doing Business As: _____
Telephone: 7)-232-5700
Fax#: 7)-229-7228

Billing Address: **3100 Breckinridge Blvd STE 722**
City: **Duluth**  State: **GA**  Zip: **30096**

Shipping Address: _____
City: _____  State: _____  Zip: _____

Business is a: ☒ Corporation  ☐ Partnership  ☐ Proprietorship
(check one): ☐ Principal  ☐ Partner  ☐ Proprietor
Year Started: **5/1979**  State of Inc.: **GA**  D&B #: _____
Name: _____

Are you a: ☐ subsidiary or ☐ division (if yes, check which)
Home Address: _____

Parent Company Name: _____
City: _____  State: _____  Zip: _____

Address: _____
Home Phone: _____

City: _____  State: _____  Zip: _____
S.S.N.: _____  Birthdate: _____

A/P Contact Name: _____
Top 3 Computer Lines: _____

A/P Phone Number: _____
Purchasing Manager Name: _____
Phone #: _____  E-mail: _____

Companies requesting a credit line of $25,000 and over must submit copies of their financial statements for the last two years. This information will be for the exclusive use of the Credit Department of SYNNEX Information Technologies, Inc. and will remain confidential.  elly

**BANK REFERENCES**

Name: **Mainstreet Bank**  Contact Name: **Scott Hudgins**  Phone #: 7)-491-5463  Date Opened: _____
Street Address: **3333 Lawrenceville Highway**  City: **Tuch**  State: **GA**  Zip: **30084**
Type of Account: ☐ Checking No. **15693, 18108, x00630** ☐ Savings No.  ☐ Loan No. **26640523**

Name: _____  Contact Name: _____  Phone #: _____  Date Opened: _____
Street Address: _____  City: _____  State: _____  Zip: _____
Type of Account: ☐ Checking No. _____  ☐ Savings No. _____  ☐ Loan No. _____

**CREDIT CARD AUTHORIZATION**

Type: ☐ Visa  ☐ Mastercard  Account No.: _____  Exp.: _____
Cardholder's Name (As it appears on card): _____
Card Billing Address: _____  City: _____  State: _____  Zip: _____  Phone No.: _____

I authorize SYNNEX Information Technologies, Inc. (SYNNEX) to charge purchases of product to the above credit card. This authorization will remain in effect until written notice of cancellation is received by SYNNEX.
Cardholder's Printed Name: _____  Cardholder's Signature: _____  Date: _____

Type: ☐ Visa  ☐ Mastercard  Account No.: _____  Exp.: _____
Cardholder's Name (As it appears on card): _____
Card Billing Address: _____  City: _____  State: _____  Zip: _____  Phone No.: _____

I authorize SYNNEX Information Technologies, Inc. (SYNNEX) to charge purchases of product to the above credit card. This authorization will remain in effect until written notice of cancellation is received by SYNNEX.
Cardholder's Printed Name: _____  Cardholder's Signature: _____  Date: _____

**Financial Authorization - TO RELEASE CONFIDENTIAL INFORMATION**
To Financial Institution: _____  From SYNNEX Customer: _____  Date: _____

ATTENTION: BOOKKEEPING/LOAN DEPARTMENT
Please accept this as authorization to release the following information to SYNNEX Information Technologies, Inc. for the purpose of extending credit.

| Checking Acct. No. | Savings Acct. No. | Loan No. | Signature |
|---|---|---|---|

**JHNCPCCK@AOL.COM**
AP/AR person

# Credit Application

**SYNNEX**

Please provide credit reference information for three major suppliers:

| | | |
|---|---|---|
| Name: Graybar Electric Co | Contact Name: Russ Viault | Phone/Fax: 77-729-158 / 678-291-5226 |
| Street Address: Caller Box 7300 | City: Norcross | State: GA | Zip: 30091 | Account No: 14201 |
| Name: Transamerica Commercial Finance Corp | Contact Name: Julie Castady | Phone/Fax: 616-802-5383 / 800-932-2522 |
| Street Address: P.O. Box 74697 | City: Chicago | State: IL | Zip: 60675 | Account No: 106371 |
| Name: Panasonic Communication System | Contact Name: Connie Sacci | Phone/Fax: 201-392-4700 / 201-392-4790 |
| Street Address: Two Panasonic Way | City: Secaucus | State: NJ | Zip: 07094 | Account No: 26276 |

We hereby agree to the terms of sale listed on each SYNNEX Invoice. In case of a credit sale, we agree that SYNNEX may charge a finance fee of one and one-half percent per each thirty day period, or part thereof, for any invoice that is past due. In order to induce SYNNEX to extend credit for the purchase of SYNNEX's products ("Products") and for other good and valuable consideration, we hereby convey, grant and transfer to SYNNEX a purchase money security interest in the Products and all proceeds until we perform all our obligations due to SYNNEX. We agree to execute any financing statements that SYNNEX may request in order to protect SYNNEX's security interest and hereby authorize SYNNEX to execute and irrevocably appoint SYNNEX as our attorney in fact for the execution of such financing statements and for the exercise of its remedies as a secured party. If we are a proprietorship, partnership, or personal guarantor, we authorize SYNNEX to order a consumer credit report in connection with the review of existing and future extensions of credit. We agree that our transactions with SYNNEX shall be governed by and construed in accordance with the laws of the State of California, without giving effect to its conflicts of laws principals. We further agree that any lawsuit between SYNNEX and ourselves shall be brought only in the state or federal courts of Alameda, Santa Clara or San Francisco counties of California. We hereby submit to the jurisdiction of such courts in any dispute with SYNNEX and we waive any objections to venue being in such courts.

Authorized Individual (Print Name): John Peacock
Signature: [signed]
Title: President
Date: 1/13/03

## PERSONAL GUARANTEE

I, _____ (print guarantor's name), residing at _____ (guarantor's home address)

for good and valuable consideration, including the extension of credit to the company or companies listed on this application ("Customer") from which I will benefit, do hereby personally guarantee and promise to pay on demand any obligation of Customer to SYNNEX Information Technologies, Inc. without regard for any claim of setoff, counterclaim or defense. I hereby waive notice of sales to Customer, and of the terms thereof, and of non-payment or other default or dispute with Customer. I hereby waive any right to a jury trial and consent to all renewals and modifications of terms of sale or credit. This is a continuing and irrevocable guarantee and I hereby subordinate any indebtedness of Customer to me to that of Customer to SYNNEX Information Technologies, Inc.

Date: _____ Signature: _____

Please attach personal financial statements of guarantor. SSN: _____ Birthdate: _____

| National Sales Phone | West Coast Credit FAX | East Coast Credit Fax |
|---|---|---|
| (800) 756-9888 | (510) 668-3605 | (864) 289-4175 |

Upon approval of your credit application, contact your SYNNEX sales representative for a password to ECExpress, SYNNEX's on-line, real time ordering system. Place orders, check order status, obtain serial and tracking numbers, and much more.