ROGERS JOSEPH O'DONNELL
THOMAS H. CARLSON (State Bar No. 121367)
311 California Street
San Francisco, California 94104
Telephone:  415.956.2828
Facsimile:  415.956.6457

ANDERSEN, TATE & CARR, P.C.
THOMAS T. TATE
ELIZABETH CLACK-FREEMAN
1505 Lakes Parkway, Suite 100
Lawrenceville, Georgia 30043
Telephone:  770.822.0900
Facsimile:  770.822.9680
*Of Counsel, pending pro hac vice application*

Attorneys for Defendant
Peacock Communications, ATSSC, Inc.,
d/b/a Atlanta Telephone Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SYNNEX CORPORATION,** a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**ATLANTA TELEPHONE SYSTEMS, INC.**, a Georgia Corporation; **ATLANTA TELEPHONE & CABLE CORPORATION**, a Georgia Corporation; **ATLANTA TELEPHONE SALES & SERVICE COMPANY**, a Georgia Corporation; **ATLANTA TELEPHONE & DATA CORPORATION**, a Georgia Corporation; **PEACOCK COMMUNICATIONS, ATSSC, INC.**, a Georgia Corporation; and **DOES 1 TO 50 inclusive**,<br><br>Defendants. | Case No. C:07-CV-03638-EDL<br><br>**ANSWER & COUNTERCLAIM OF DEFENDANT PEACOCK COMMUNICATIONS, INC. , d/b/a ATLANTA TELEPHONE COMPANY**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Defendant Peacock Communications, ATSSC, Inc., d/b/a Atlanta Telephone Company ("Defendant" or "ATC"), specially appearing, and hereby files

Page 1

Answer & Counterclaim of Defendant Peacock Communications, Inc., d/b/a Atlanta Telephone Company –  Case No: C:07-CV-03638

261124.1

its Answer and Counterclaim in response to the Complaint filed in the above-styled civil action, showing this Court as follows:

## RESPONSES TO ALLEGATIONS OF COMPLAINT

In response to each of the numbered paragraphs of the Complaint, ATC states as follows:

## FIRST CLAIM

## BREACH OF CONTRACT

1. ATC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and those allegations are therefore denied.

2. ATC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and those allegations are therefore denied.

3. ATC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and those allegations are therefore denied.

4. ATC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and those allegations are therefore denied.

5. ATC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and those allegations are therefore denied.

6. Admitted.

7. Denied.

8. Denied.

9. Denied.

10. Denied as stated. By way of further response, ATC states that Peacock Communications, ATSSC, Inc. does business as "Atlanta Telephone Company," and that

Page 2

Answer & Counterclaim of Defendant Peacock Communications, Inc., d/b/a Atlanta Telephone Company – Case No: C:07-CV-03638

261124.1

Peacock Communications, ATSSC and Atlanta Telephone Company are the same entity.

11.   ATC denies that this Court may exercise personal jurisdiction over ATC. ATC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 and those allegations are therefore denied.

12.   ATC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and those allegations are therefore denied.

13.   ATC denies that it executed a Credit Application Agreement with Plaintiff. ATC denies that Exhibit "A" is a true and correct copy of a credit application between ATC and Plaintiff. By way of further response, ATC denies that the signature on Exhibit "A" is that of John Peacock and further denies that John Peacock executed any such credit agreement with Plaintiff.

14.   Denied.

15.   Denied.

16.   Denied.

17.   ATC denies that it engaged in wrongful or unlawful conduct as described in paragraph 17. ATC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and those allegations are therefore denied.

18.   Denied.

## SECOND CLAIM

## OPEN BOOK ACCOUNT

19.   ATC hereby realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

20.   Denied.

21.   Denied.

Page 3

Answer & Counterclaim of Defendant Peacock Communications, Inc., d/b/a Atlanta Telephone Company – Case No: C:07-CV-03638

261124.1

## THIRD CLAIM

## ACCOUNT STATED

22. ATC hereby realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23. Denied.

24. Denied.

## RELIEF

25. Defendant denies the allegations of the prayer for relief, and denies that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. This Court does not have jurisdiction over ATC.

3. Venue is not appropriate in this Court.

4. ATC pleads the affirmative defense of setoff.

5. ATC pleads the affirmative defense of payment.

6. ATC pleads the affirmative defense of estoppel.

7. ATC pleads the affirmative defense of failure of consideration.

8. Plaintiff's claims are barred by the doctrines of unclean hands.

9. No damages were proximately caused by any actions or inactions of Defendant.

10. Plaintiff failed to mitigate its alleged damages.

11. ATC reserves the right to raise additional affirmative defenses as may be appropriate upon further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, ATC prays that Plaintiff's Complaint, and each claim therein, be dismissed with prejudice; that Plaintiff take nothing by way of the Complaint; that Defendant be entitled to an award of costs of suit and expenses; that Defendant be entitled to an award of attorney's fees pursuant to applicable law;

Answer & Counterclaim of Defendant Peacock Communications, Inc., d/b/a Atlanta Telephone Company – Case No: C:07-CV-03638

261124.1

that Defendant be entitled to attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure; and that Defendant be awarded such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Having answered the numbered paragraphs of Plaintiff's Complaint, ATC asserts the following Counterclaim in the instant action:

1. In January of 2003, ATC established a relationship with Synnex, which at the time, was an authorized distributor for both Nortel and Avaya.

2. In February of 2003 ATC became an authorized reseller for Nortel and began purchasing Nortel products through Synnex. In September of 2005, ATC became an authorized reseller for Avaya and began purchasing Avaya products through Synnex.

## AVAYA PRODUCTS

3. Through its relationship with Avaya, Avaya offered ATC certain discounts on purchases made through its authorized distributors.

4. That discount was calculated as follows: 10% of the "National Price List" or "NPL" was to be deducted from the "Dealer Price" in order to calculate the price ATC was to be charged for Avaya products (the "10% discount").

5. Based on those assurances, ATC began doing business with Synnex as an authorized distributor for Avaya. On multiple occasions, ATC confirmed with Synnex its understanding that the 10% discount was being provided by Synnex.

6. Over the course of eighteen months, Synnex represented orally and in writing that it was providing ATC the 10% discount on Avaya products that ATC purchased from Synnex. During that time period ATC purchased nearly 13.5 million dollars worth of Avaya products from Synnex.

7. In March of 2007, ATC began doing business with another authorized reseller for Avaya called Catalyst.

8. Catalyst agreed that it would provide ATC the 10% discount that had been promised by Avaya.

Page 5

Answer & Counterclaim of Defendant Peacock Communications, Inc., d/b/a Atlanta Telephone Company – Case No: C:07-CV-03638

261124.1

9. In that regard, Catalyst provided ATC with a Price Sheet that set out the NPL, Dealer Price and 10% Discount Price for all Avaya products (the "Price Sheet").

10. Upon receipt of that Price Sheet, ATC discovered that Synnex had not been providing ATC with the 10% discount that it had agreed to provide to ATC and that the discount provided to ATC was less than 10% on almost all Avaya products that ATC had purchased from Synnex.

11. Because ATC was not provided with the discount that it had been promised by Synnex, during the course of the eighteen month period that it purchased Avaya products from Synnex, ATC has over paid Synnex for approximately $500,000 for Avaya products it purchased through Synnex.

## NORTEL PRODUCTS

12. During the time period from 2003 through January of 2007, ATC purchased Nortel products through Synnex.

13. During that time period, ATC was authorized to return defective Nortel merchandise to Synnex in order to receive a credit for the defective product, during the manufacturer's warranty period.

14. Since the fall of 2006, ATC has attempted to return defective Nortel products that it purchased through Synnex, to Synnex, during the manufacturer's warranty period.

15. Synnex has refused to accept delivery of approximately $151,000 of defective Nortel products.

## COUNT I – BREACH OF CONTRACT (AVAYA PRODUCTS)

16. ATC incorporates by this reference paragraphs 1- 15 of this Counterclaim as if fully set forth hereinafter.

17. Synnex entered into an agreement to provide Avaya products to ATC at a 10% discount.

18. ATC performed its obligations under the agreement concerning the purchase of Avaya products from Synnex.

Page 6

Answer & Counterclaim of Defendant Peacock Communications, Inc., d/b/a Atlanta Telephone Company – Case No: C:07-CV-03638

261124.1

19. Synnex breached its agreement with ATC by failing to give ATC the 10% discount on Avaya products that it had promised to ATC.

20. ATC has been damaged by Synnex's breach of the agreement.

**COUNT II – BREACH OF CONTRACT (NORTEL PRODUCTS)**

21. ATC incorporates by this reference paragraphs 1- 20 of this Counterclaim as if fully set forth hereinafter.

22. Synnex entered into an agreement with ATC whereby it was obligated to accept the return of defective Nortel products during the manufacturer's warranty period.

23. ATC performed its obligations under the agreement concerning the return of defective Nortel products to Synnex.

24. Synnex breached its agreement with ATC by refusing to accept the return of defective Nortel products during the manufacturer's warranty period.

25. ATC has been damaged by Synnex's breach of the agreement.

**COUNT III – PROMISSORY ESTOPPEL (AVAYA PRODUCTS)**

26. ATC incorporates by this reference paragraphs 1- 25 of this Counterclaim as if fully set forth hereinafter.

27. Synnex promised that it would sell Avaya products to ATC at the 10% discount.

28. ATC justifiably relied on Synnex's promise that it was selling ATC Avaya products at the 10% discount.

29. Based on that reliance, ATC continued to purchase Avaya products from Synnex.

30. ATC has been damaged by Synnex's refusal to honor its promise.

**COUNT IV – PROMISSORY ESTOPPEL (NORTEL PRODUCTS)**

31. ATC incorporates by this reference paragraphs 1- 30 of this Counterclaim as if fully set forth hereinafter.

32. Synnex promised that it would accept the return of defective Nortel products during the manufacturer's warranty period.

Answer & Counterclaim of Defendant Peacock Communications, Inc., d/b/a Atlanta Telephone Company – Case No: C:07-CV-03638

261124.1

33. ATC justifiably relied on Synnex's promise that it would accept the return of defective Nortel products during the manufacturer's warranty period.

34. Based on that reliance, ATC continued to purchase Nortel products from Synnex.

35. ATC has been damaged by Synnex's refusal to honor its promise.

### COUNT V – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

36. ATC incorporates by this reference paragraphs 1- 35 of this Counterclaim as if fully set forth hereinafter.

37. The actions of Synnex constitute a breach of its duty of good faith and fair dealing owed to ATC, thereby entitling ATC to recover compensatory, general and special damages from Synnex.

38. Synnex is indebted to ATC in an amount to be determined at trial.

### COUNT VI – UNFAIR PRACTICES

39. ATC incorporates by this reference paragraphs 1- 38 of this Counterclaim as if fully set forth hereinafter.

40. The actions of Synnex as set forth herein constitute a violation of the Unfair Practices Act as set forth in Cal. Bus. & Prof. Code § 17000 *et seq*.

41. ATC has been damaged by Synnex's violation of the Unfair Practices Act.

42. ATC reserves the right to amend its Counterclaim to add additional claims that are discovered to the extent permitted by law.

### PRAYER FOR RELIEF

WHEREFORE, ATC prays as follows:

1. That the complaint, and each claim therein, be dismissed with prejudice;

2. That Plaintiff take nothing by way of the complaint;

3. That ATC be awarded compensatory, general damages, punitive damages, and attorney's fees and interest to the extent permitted by law; and

/ / /

Page 8

Answer & Counterclaim of Defendant Peacock Communications, Inc., d/b/a Atlanta Telephone Company – Case No: C:07-CV-03638

261124.1

1      4.    For such other and further relief as the Court deems fit.

Dated: August 24, 2007    ROGERS JOSEPH O'DONNELL

By:   <u>/s/ THOMAS H. CARLSON</u>

ANDERSEN, TATE & CARR, P.C.
THOMAS T. TATE
ELIZABETH CLACK-FREEMAN
*Of Counsel pending pro hac vice application*

Attorneys for Defendant PEACOCK COMMUNICATIONS, ATSSC, INC., d/b/a ATLANTA TELEPHONE COMPANY

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Peacock Communications, Inc., d/b/a Atlanta Telephone Company hereby demands trial by jury.

Dated: August 24, 2007    ROGERS JOSEPH O'DONNELL

By:   <u>/s/ THOMAS H. CARLSON</u>

ANDERSEN, TATE & CARR, P.C.
THOMAS T. TATE
ELIZABETH CLACK-FREEMAN
*Of Counsel pending pro hac vice application*

Attorneys for Defendant PEACOCK COMMUNICATIONS, ATSSC, INC., d/b/a ATLANTA TELEPHONE COMPANY

Page 9

Answer & Counterclaim of Defendant Peacock Communications, Inc., d/b/a Atlanta Telephone Company – Case No: C:07-CV-03638

261124.1