1 | Jeffrey M. Galen, Esq. (SBN 134705)
Glenn D. Davis, Esq. (SBN 150744)
2 | GALEN & DAVIS LLP
16255 Ventura Boulevard, Suite 900
3 | Encino, California 91436
Telephone: (818) 986-5685
4 |
Attorneys for Plaintiff,
5 | Synnex Corporation

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SYNNEX CORPORATION, a
Delaware Corporation,

11 |            Plaintiff,

12 |        vs.

13 | PEACOCK COMMUNICATIONS,
ATSSC, INC., a Georgia Corporation;
14 | and DOES 1 to 50, inclusive,

15 |          Defendants.

16 |

17 | PEACOCK COMMUNICATIONS,
ATSSC, INC., a Georgia Corporation,

18 |         Counterclaimant,

19 |

20 |        vs.

21 | SYNNEX CORPORATION, a
Delaware Corporation,

22 |         Counterclaim Defendant.

23 |

24 |

Case No. RG06264350

**PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**

**DATE: OCTOBER 23, 2007**
**TIME:  9:00 A.M.**
**DEPT: E**

25

26 | TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

27

28

1

PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION
FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

1      Plaintiff, Synnex Corporation, a Delaware Corporation in the above-entitled action

2 hereby opposes the Defendant Peacock Communications, ATSSC, Inc., a Georgia

3 Corporation's Motion For Transfer of Venue at the date, time and place set forth above.

4      This opposition is based on this notice, the Memorandum of Points and

5 Authorities filed herewith and on all papers, pleadings and documents on file and such

6 other oral and/or documentary evidence as will be presented at the time of hearing.

7

8 Dated: October 3, 2007                GALEN & DAVIS, LLP

9

10                          By: _____

                               Jeffrey M. Galen, Esquire

11                             Attorneys for Plaintiff,

                            Synnex Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION
FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

3    On July 16, 2007, Plaintiff, Synnex Corporation, a Delaware Corporation

4  (hereinafter referred to as "Synnex") filed their Complaint Against Defendants, Atlanta

5  Telephone Systems, Inc., a Georgia Corporation; Atlanta Telephone & Cable

6  Corporation, a Georgia Corporation; Atlanta Telephone Sales & Service Company, a

7  Georgia Corporation; Atlanta Telephone & Data Corporation, a Georgia Corporation;

8  Peacock Communications, ATSSC, Inc., a Georgia Corporation (hereinafter collectively

9  referred to as "Defendants") alleging Causes of Action for Breach of Contract; Open-

10  Book Account; and Account Stated.

11    On August 22, 2007, Acknowledgment of Service on all Defendants was filed with

12  the Court.

13    On August 24, 2007, Defendants filed their Answer to Complaint and filed a

14  Counter Claim against Plaintiff and Cross Defendant, Synnex Corporation.

15    On September 4, 2007, Synnex filed their Notice of Voluntary Dismissal for

16  Defendants, Atlanta Telephone Systems, Inc., a Georgia Corporation; Atlanta

17  Telephone & Cable Corporation, a Georgia Corporation; Atlanta Telephone Sales &

18  Service Company, a Georgia Corporation; Atlanta Telephone & Data Corporation, a

19  Georgia Corporation thereby leaving one remaining Defendant, Peacock

20  Communications, ATSSC, Inc., a Georgia Corporation (hereinafter referred to as

21  "Peacock")

22    On September 25, 2007, Synnex filed their Answer to Counterclaim.

23    Defendant now brings this Motion to Transfer Venue pursuant to 28 U.S.C.

24  Section 1404(a) and request that the Court to transfer venue of this case to the United

25  States District Court for the Northern District of Georgia, Atlanta Division.  Defendants

26  request that the Court transfer this matter to the Northern District of Georgia, Atlanta

27

28

1  Division on the grounds that in the interest of justice and for the convenience of parties
2  and witnesses, however the contract, which is the subject matter of this action, contains
3  a forum selection clause in which the parties agreed that venue in the event of legal
4  action shall be brought only in the state or federal courts of Alameda, Santa Clara or
5  San Francisco counties of California.  Therefore, since the forum selection clause in
6  valid and enforceable, it should not be set aside since Defendants have failed to show
7  that enforcement will be unreasonable, unjust, inconvenient.

8      II.     **THE FORUM SELECTION CLAUSE IS VALID AND ENFORCEABLE**
9              **AND THEREFORE SHOULD BE ENFORCED BY THE COURT**
10             **SINCE THERE HAS BEEN NO SHOWING THAT THE ENFORCEMENT**
11             **WOULD BE UNREASONABLE, UNJUST OR INCONVENIENT**

12         Defendants are requesting that the Court, even in the face of an otherwise valid
13  and enforceable forum selection clause, selecting Northern California as the forum of
14  choice as agreed upon by the parties, to transfer this matter across country to Northern
15  District of Georgia, Atlanta Division.

16         Specifically,  the contract, which is the subject matter of this action states:
17  "........[W]e agree that our transactions with Synnex shall be governed by and construed
18  in accordance with the laws of the State of California ..... [W]e further agree that any
19  lawsuit between Synnex and ourselves shall be brought only in the state or federal
20  courts of Alameda, Santa Clara or San Francisco counties of California.  We hereby
21  submit to the jurisdiction of such courts in any dispute with Synnex and we waive any
22  objections to venue being in such courts."

23         The court will grant transfers under 28 U.S.C. 1404(a) based on the forum
24  specified in an enforceable forum selection clause.  A party resisting transfer to a forum
25  designated in its contract must demonstrate <u>exceptional facts</u> indicating that transfer
26  would be inappropriate. <u>Stonehenge, Ltd. v. Garcia</u> (1998) 989 F. Supp. 539 (Emphasis

27

28                                          4

1  added).

2     The venue mandated by a choice of forum clause rarely will be outweighed by

3  other 1404(a) factors. P&S Business Machines, Inc. v. Canon USA, Inc. (2003) 331 F.

4  3d 804, 807.

5     Defendants, in their moving papers rely on the case of Stewart Org, Inc. v. Ricoh

6  Corp. (1988) 487 U.S. 22, 29 in which the United States Supreme Court considered the

7  weighted to be given to a contractual forum selection clause on a Motion to Transfer

8  Venue to an alternative forum.  The court held that section 1404(a) calls on the District

9  Court to weigh in the balance a number of case specific factors.  The case of Jones v.

10 GNC Franchising, Inc. 9th Cir. (2000) 211, F3d. 495, 498-499 applied the Stewart factors

11 which included (1) the place of negotiation and execution of the agreements; (2) the

12 state most familiar with governing law; (3) the plaintiff's choice of forum; (4) the parties'

13 contacts with the chose forum; (5) the extent and relation of the contacts with the cause

14 of action in the chosen forum; (6) the variance in litigation costs between the two forums;

15 (7) ability to compel attendance of unwilling non-party witnesses; (8) accessibility to

16 sources of proof; (9) presence of a forum selection clause; and (10) relevant public

17 policy of the forum state.

18    Defendants, in their moving papers, only address 4 of the 10 factors and is

19 completely vacant with regard to the factors such as the state most familiar with the

20 governing law, Plaintiff's choice of forum, parties contact with the choice of forum, the

21 presence of the forum selection clause and the relevant public policy of the forum state.

22    Defendants allege in applying the factors set forth above, that the relationship

23 between Synnex and Atlanta Telephone Company ("ATC") has nothing to do with the

24 State of California.  Instead they allege that the relationship between Synnex and ATC

25 arises from contacts and communications representatives from Synnex in Greenville,

26 South Carolina and representatives of ATC in Duluth, Georgia.  Defendants further

27

28

1   allege that the products of this dispute were ordered by ATC by submitted purchase

2   orders to Synnex in Greenville, South Carolina, the products were allegedly delivered to

3   ATC from Synnex' warehouse in Georgia and ATC made payments to Synnex for the

4   products ordered and received to Synnex' Post Office box in Georgia.  These allegations

5   even if taken as true, only address factors 1 and 5.

6          Defendants allege that the financial impact of litigation favors Georgia forum.

7   They allege that all witnesses of ATC are in the Northern District of Georgia, all third

8   party witnesses are from Alphretta, Georgia or Greenville, South Carolina.  Defendant's

9   contend that any witness will have to travel over 2000 miles to attend trial in California.

10  These allegations only address factor 6, the variance of litigation costs between the

11  parties.

12         Based upon these limited factors, ATC requests that the Court grant their Motion

13  to Transfer Venue to the Northern District of Georgia, Atlanta Division.

14         It is Plaintiff's contention that a Plaintiff's choice of forum is accorded substantial

15  weight in proceedings under section 1404(a).  Courts generally will not order a transfer

16  unless the "convenience" and "justice" factors numerated above strongly favor venue

17  elsewhere.

18         The moving party has the burden of showing that the convenience of parties and

19  witnesses and interest of justice requires transfer to another district.  Commodity Futures

20  Trading Commission v. Savage 9th Cir. (1979) 611 F. 2d 270, 279; Los Angeles

21  Memorial Coliseum Commission v. NFL (1981) 89 FRD 497, 499, Aff'd 9th Cir. (1984)

22  726 F.2d 1381.

23         A transfer will not be ordered if the result is merely to shift the inconvenience for

24  one party to another.  The parties seeking the transfer has the burden of demonstrating

25  that trial in the district where the action is pending will result in a clear balance of

26  inconveniences to him or her Harris Trust & Savings Bank v. SLT Warehouse Co., Inc.

27

28

1  (1985) 605 F. Supp. 225, 227.

2      The case of <u>Jones v. GNC Franchising</u> Supra citing the case of <u>The Bremen</u>

3  <u>Holding v. Zapata Offshore Co.</u> (1972) 407 U.S. 1 stated that a forum selection clause is

4  presumptively valid and should not be set aside unless the party challenging the clause

5  clearly shows that the enforcement would be unreasonable and unjust or that the clause

6  was·invalid for such reasons as fraud or overreaching.

7      In the case of <u>Republic Mortgage Insurance Company and RMIC Corporation v.</u>

8  <u>Brightware, Inc.</u> 35 F. Supp. 2d 482; (1999) U.S. Dist. 1551 in which the Defendant

9  brought a Motion to Dismiss Plaintiff's action for transfer under 28 U.S.C. 1404(a) to the

10 United States District Court for the Northern District of California from the North Carolina

11 General Court of Justice, Superior Court Division pursuant to forum selection clause for

12 a breach of contract action.  The parties entered into two agreements that each contain

13 a choice of law provisions and a forum selection clause to agree to be governed by

14 California law and to bring any actions relating to the agreements in San Francisco,

15 California.  The court found that the forum selection clauses were prima facie valid and

16 would be enforced unless Plaintiff showed that enforcement would be "unreasonable" or

17 "seriously inconvenient".  The court granted Defendants Motion to Transfer on the

18 following ground because the forum selection clause was valid, the transfer to California

19 was not seriously inconvenient, California law applied, and because California had an

20 interest in a dispute in which its corporation was not paid for services.   Defendant

21 <u>Brightware</u> was a Delaware Corporation with its headquarters and principal place of

22 business in California.

23      In the present case, Defendants have failed to meet their burden.  They have

24 failed to show that the forum selection clause is unreasonable or seriously inconvenient.

25 The present case is analogous to the <u>Republic Mortgage Insurance Company and RMIC</u>

26 <u>Corporation v. Brightware, Inc.</u> (Supra) in that the forum selection clause is valid,

27

28

7

1  California has not be shown to be a seriously inconvenient forum, California law applies
2  in this matter, and because California has an interest in the dispute in that Synnex
3  Corporation is a Delaware Corporation with its headquarters and principal place of
4  business in the State of California which as not been paid for their products by
5  Defendants.

6       Further, in the case of Republic Mortgage Insurance Company and RMIC
7  Corporation v. Brightware, Inc. (Supra) stated that there has been no evidence stating
8  fraud and overreaching in the inclusion of the forum selection clauses in these
9  agreements and RMIC has made no complaint as such.  RMIC argued that no
10  negotiations, no bargaining, and no discussions took place over either the forum
11  selection clause or the choice of law provisions.  The court held that RMIC cannot now
12  avoid a provision of a freely entered contract because it did not consider the provision
13  carefully at the time the agreements were negotiated.  Despite RMIC's argument, the
14  agreements were far from an adhesion contract in which these provisions were forced
15  upon a unsuspecting consumer.  Rather the court held that these agreements were
16  negotiated between two sophisticated business entities.

17       In the present case, Mr. John C. Peacock, CFO and CEO of Defendant alleges in
18  his Declaration on Page 5, Paragraph 28, Lines 9-12, that he does not recall ever
19  signing the credit application or affixing his stamped signature to the credit application
20  and therefore, is insinuating that he was unaware of the forum selection clause in the
21  agreement.  However, as held in the Republic Mortgage Insurance Company v.
22  Brightware, Inc. (Supra) case, this agreement was negotiated between two sophisticated
23  business entities and Defendant cannot now avoid the provision of a freely entered
24  contract because he allegedly does not remember signing the agreement at the time of
25  negotiations.

26       Further, Defendants argue that California is an inconvenient forum on the ground

27

28

8

1  that the financial impact of the litigation would be unjust since all their witnesses and
2  third party witnesses have to travel 2000 miles to appear in California.

3        As set forth in the case of <u>Republic Mortgage Insurance Company v. Brightware,</u>
4  <u>Inc.</u> (Supra), the party seeking to void the clause should clearly show that enforcement
5  would be unreasonable and unjust.  The court held that the choice of San Francisco in
6  the agreements does not meet the standard necessary to be deemed inconvenient.  The
7  party challenging the clause must demonstrate that the specified forum is so "seriously
8  inconvenient" that they would be deprived of an opportunity to participate in the
9  adjudication.  While San Francisco may be a more distant forum for <u>RMIC</u> than North
10 Carolina, distance and expense are not the yardsticks of inconvenience in an agreement
11 that is freely negotiated such as this one.  Whatever inconvenience <u>RMIC</u> would suffer
12 by being forced to litigate, in the contractual form as it agreed to, was clearly foreseeable
13 at the time of contracting.  Rather a forum selection clause should be invalidated on the
14 grounds of inconvenience "only if enforcement would effectively deprive a party of his
15 day in court".  <u>RMIC</u> has made no such showing of "grave" or "serious" inconvenience.

16       As in the present case, Defendants have failed to show that the choice of venue
17 in Northern California as set forth in the agreement, meets the standard necessary to be
18 deemed inconvenient.  While San Francisco is a distant forum for Defendants, it is not
19 tantamount to inconvenience, in an agreement that is freely negotiated between the
20 parties.  The defendants were fully aware and it was foreseeable by entering into the
21 agreement with Synnex, that in the event of a lawsuit, California would have jurisdiction
22 and venue.  Defendants, in no way, would be deprived of their day in court if the forum
23 selection clause in enforced.

24       In addition to "inconvenience" forum selection clauses have found to be
25 "unreasonable" and therefore, have not been enforced when the selected forum is one
26 with which neither party to the contract had a connection <u>Medical Legal Consulting</u>

9

1   Serv., Inc. v. Covarrubias 648 F. Supp. 153, 157 (D. Md. 1986).  This factor did not

2   prohibit consideration of the forum selection clause in the case of Republic Mortgage

3   Insurance Company v. Brightware, Inc. (Supra).  The court held that although RMIC may

4   not have had much, or any, connection to San Francisco, all that is required for a freely

5   negotiated forum selection clause to be reasonable is that one of the parties to the

6   agreement have a connection to the contractual choice of forum.  The court held that

7   Defendant is clearly connected to California, (Defendant's principal place of business is

8   in California), and, after it has freely negotiated for the right to demand suit in California,

9   it would not be appropriate for this court to upset the balance of its bargain.

10        In the present case, although Defendant alleges that they do not have any

11  contact with the State of California, Plaintiff, Synnex' headquarters and principal place of

12  business is in Fremont, California and the parties freely negotiated the right to demand

13  suit in California, it would be inappropriate of the court to upset the balance of the

14  parties bargain in the present matter.

15        Additionally, the case of Republic Mortgage Insurance Company v. Brightware,

16  Inc. (Supra) stated with regard to the factors set from in the case to Stewart Org. v.

17  Ricoh Corp. (Supra).  The first factor – the Plaintiff's initial choice of forum – would

18  seemingly favor North Carolina, because that is where RMIC originally filed this action.

19  However, these factors must be viewed with reference to "the parties" expressed

20  preference" for California and "in light of the forum selection clause." Stewart Org. v.

21  Ricoh, Corp. (Supra) 487 U.S. at 29.  When a forum selection clause is part of the

22  balancing, as Stewart Org. v. Ricoh, Corp. (Supra) requires, it is more logical to consider

23  plaintiff's initial choice of forum to get the forum that is contractually agreed upon.  As

24  the Eleventh Circuit stated shortly after the Supreme court's Stewart Org. v. Ricoh, Corp.

25  (Supra) decision:

26        The federal courts traditionally have accorded a plaintiff's choice of forum

27

28

PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION
FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

1    considerable deference.  Thus, in the usual motion for transfer under section

2    1404(a), the burden is on the movant to establish that the suggested forum is

3    more convenient.  When, however, the parties have entered into a contract

4    containing a valid, reasonable choice of forum provision, the burden of

5    persuasion is altered.

6    In attempting to enforce the contractual venue, the movant is no longer

7    attempting to limit the plaintiff's right to choose its forum; rather, the movant is

8    trying to enforce the forum that the plaintiff had already chosen: the contractual

9    venue.  In such cases, we see no reason why a court should accord deference to

10    the forum in which the plaintiff filed its action.  Such deference to the filing forum

11    would only encourage parties to violate their contractual obligation, the integrity of

12    which are vital to our judicial system.

13    In the present case, the Plaintiff's choice of forum favors California because it is

14    where Plaintiff has filed this action and the forum selection clause also states California,

15    the forum that was contractually agreed upon by the parties.  Defendants, in their

16    moving papers, are requesting that the court order that the forum that they had already

17    chosen and agreed to contractually is unenforceable.  Such request will only encourage

18    parties to violate their contractual obligations which is vital to our judicial system.

19    The court in the case of <u>Republic Mortgage Insurance Company v. Brightware,</u>

20    <u>Inc.</u> (Supra) after giving full consideration to the forum selection clause in the section

21    1404(a) balancing held that it was clear that California is the more appropriate forum for

22    the dispute.

23    Applying the 1404(a) balancing test with regard to the factors set forth if <u>Stewart</u>

24    <u>v. Ricoh</u> (Supra) to the present case, the weight and outcome of each of these factors is

25    inconclusive.  First and foremost as set forth previously, Defendants have failed to

26    address 6 of the 10 factors.  With regard to the factors they conveniently failed to

27

28

11

1  address: (1) The state most familiar with governing the law is California. The agreement
2  which is the subject matter of this action specifically states that the contract should be
3  governed and constructed in accordance with the laws of the State of California. (2) The
4  Plaintiff's choice of forum is California where they filed the above entitled action. (3) The
5  Plaintiff's contact with the chosen forum, California is where Plaintiff has it's
6  headquarters and principal place of business in Fremont, California. (4) The presence
7  of a forum selection clause in which the parties contractually agreed that the venue be in
8  Northern District of California and (5) Litigation costs between the two forums, no matter
9  which forum is selected, will be burden with bringing themselves and their witnesses
10  from a distance. Therefore, these factors do not help determine which forum is proper.

11           In the case of <u>Kodak Polychrome Graphics, LLC v. Southwest Precision Printers,</u>
12  <u>Inc.</u> 2005 U.S. Dist. Lexis 22359, the Connecticut company and the Texas company
13  signed a customer agreement in 2003 which included a forum selection clause that
14  required them to file suit under the agreement in a court of competent jurisdiction in
15  Connecticut, and the Connecticut company filed suit in federal district court in
16  Connecticut, alleging that the Texas company breached the agreement. The Texas
17  company filed counterclaims against the Connecticut company and also filed a motion,
18  pursuant to 28 U.S.C. Section 1404(a), to transfer venue to the U.S. District Court for the
19  Southern District of Texas. The court held that the Texas company had the burden of
20  showing by clear and convincing evidence that a change of venue was warranted and it
21  failed to meet its burden. In reaching its decision, the court gave significant weight to
22  the fact that the parties included a forum selection clause in their agreement, that the
23  Connecticut company chose to file suit in Connecticut, that the Texas company litigated
24  the case in Connecticut for six months before it filed its motion, and the parties'
25  agreement was governed by Connecticut Law.

26           In the present case, the Court should give significantly weight to the fact that the

27
28

12

1  parties included a forum selection clause in the agreement, that Plaintiff chose to file suit

2  in California, that Defendant's litigated this case in California for three months before it

3  filed its motion and the parties agreement is governed by California law.  As in the

4  Kodak Polychrome Graphics, LLC v. Southwest Precision Printers, Inc. (Supra) the

5  court, in the present matter, should deny Defendant's Motion to Transfer Venue.

6       In conclusion, Defendants have failed to meet their burden in that they have failed

7  to meet 6 of the 10 factors addressed in Stewart Org, Inc. v. Ricoh Corp..(Supra)

8  rendering the weigh and outcome of these factors inconclusive and have failed to find

9  that the forum selection clause in the contract is unreasonable, unjust or seriously

10  inconvenient.

11

12                                    III.

13                              CONCLUSION

14       Based upon all the foregoing reasons, and on all the authorities cited herein it is

15  respectfully requested that the Court deny Defendant's Motion to Transfer of Venue.

16

17  Dated: October 3, 2007                    GALEN & DAVIS, LLP

18

19                                    By: _____

20                                         Jeffrey M. Galen, Esq.
                                           Attorneys for Plaintiff,
                                           Synnex Corporation

21

22

23

24

25

26

27                                    13

28

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA       )
                               )

COUNTY OF LOS ANGELES   )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action, my business address is 16255 Ventura Boulevard, Suite 900, Encino, California 91436.

      This Document was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system and by U.S. Mail. Parties may access this filing through the Court's system.

      On October 4, 2007, I served the foregoing document described as **PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES** by depositing a true copy thereof enclosed in a sealed envelope as follows:

**Liz Clack-Freeman**
**Anderson, Tate & Carr, P.C.**
**1505 Lakes Parkway, Suite 100**
**Lawrenceville, GA 30043**


**Thomas H. Carlson, Esq.**
**Rogers Joseph O'Donnell**
**311 California Street**
**San Francisco, CA 94104**

(  )    (VIA FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

(X)    (VIA MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Encino, California.

(  )    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

(  )    (HAND DELIVERED) I caused such envelope(s) to be hand delivered, addressed to the person(s) on who it is to be served.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed October 4, 2007 at Encino, California.

Sheri Young
Print Name                                   Signature