Jeffrey M. Galen, Esq. (SBN 134705)
Glenn D. Davis, Esq. (SBN 150744)
GALEN & DAVIS LLP
16255 Ventura Boulevard, Suite 900
Encino, California 91436
Telephone: (818) 986-5685

Attorneys for Plaintiff,
Synnex Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNNEX CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PEACOCK COMMUNICATIONS, ATSSC, INC., a Georgia Corporation; and DOES 1 to 50, inclusive,<br><br>Defendants.<br><br>PEACOCK COMMUNICATIONS, ATSSC, INC., a Georgia Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>SYNNEX CORPORATION, a Delaware Corporation,<br><br>Counterclaim Defendant. | Case No.07:CV-03638-EDL<br><br>**PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><br>DATE: OCTOBER 23, 2007<br>TIME: 9:00 A.M.<br>DEPT: E |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

1

1  Plaintiff, Synnex Corporation, a Delaware Corporation in the above-entitled action
2  hereby opposes the Defendant Peacock Communications, ATSSC, Inc., a Georgia
3  Corporation's Motion For Transfer of Venue at the date, time and place set forth above.
4  This opposition is based on this notice, the Memorandum of Points and
5  Authorities filed herewith and on all papers, pleadings and documents on file and such
6  other oral and/or documentary evidence as will be presented at the time of hearing.

8  Dated: October 3, 2007                    GALEN & DAVIS, LLP

                                              By: _____
                                              Jeffrey M. Galen, Esquire
                                              Attorneys for Plaintiff,
                                              Synnex Corporation

2

PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION
FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 16, 2007, Plaintiff, Synnex Corporation, a Delaware Corporation (hereinafter referred to as "Synnex") filed their Complaint Against Defendants, Atlanta Telephone Systems, Inc., a Georgia Corporation; Atlanta Telephone & Cable Corporation, a Georgia Corporation; Atlanta Telephone Sales & Service Company, a Georgia Corporation; Atlanta Telephone & Data Corporation, a Georgia Corporation; Peacock Communications, ATSSC, Inc., a Georgia Corporation (hereinafter collectively referred to as "Defendants") alleging Causes of Action for Breach of Contract; Open-Book Account; and Account Stated.

On August 22, 2007, Acknowledgment of Service on all Defendants was filed with the Court.

On August 24, 2007, Defendants filed their Answer to Complaint and filed a Counter Claim against Plaintiff and Cross Defendant, Synnex Corporation.

On September 4, 2007, Synnex filed their Notice of Voluntary Dismissal for Defendants, Atlanta Telephone Systems, Inc., a Georgia Corporation; Atlanta Telephone & Cable Corporation, a Georgia Corporation; Atlanta Telephone Sales & Service Company, a Georgia Corporation; Atlanta Telephone & Data Corporation, a Georgia Corporation thereby leaving one remaining Defendant, Peacock Communications, ATSSC, Inc., a Georgia Corporation (hereinafter referred to as "Peacock")

On September 25, 2007, Synnex filed their Answer to Counterclaim.

Defendant now brings this Motion to Transfer Venue pursuant to 28 U.S.C. Section 1404(a) and request that the Court to transfer venue of this case to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendants request that the Court transfer this matter to the Northern District of Georgia, Atlanta

3

1  Division on the grounds that in the interest of justice and for the convenience of parties
2  and witnesses, however the contract, which is the subject matter of this action, contains
3  a forum selection clause in which the parties agreed that venue in the event of legal
4  action shall be brought only in the state or federal courts of Alameda, Santa Clara or
5  San Francisco counties of California.  Therefore, since the forum selection clause in
6  valid and enforceable, it should not be set aside since Defendants have failed to show
7  that enforcement will be unreasonable, unjust, inconvenient.

## II.  THE FORUM SELECTION CLAUSE IS VALID AND ENFORCEABLE AND THEREFORE SHOULD BE ENFORCED BY THE COURT SINCE THERE HAS BEEN NO SHOWING THAT THE ENFORCEMENT WOULD BE UNREASONABLE, UNJUST OR INCONVENIENT

Defendants are requesting that the Court, even in the face of an otherwise valid and enforceable forum selection clause, selecting Northern California as the forum of choice as agreed upon by the parties, to transfer this matter across country to Northern District of Georgia, Atlanta Division.

Specifically, the contract, which is the subject matter of this action states:

"........[W]e agree that our transactions with Synnex shall be governed by and construed in accordance with the laws of the State of California ..... [W]e further agree that any lawsuit between Synnex and ourselves shall be brought only in the state or federal courts of Alameda, Santa Clara or San Francisco counties of California.  We hereby submit to the jurisdiction of such courts in any dispute with Synnex and we waive any objections to venue being in such courts."

The court will grant transfers under 28 U.S.C. 1404(a) based on the forum specified in an enforceable forum selection clause.  A party resisting transfer to a forum designated in its contract must demonstrate <u>exceptional facts</u> indicating that transfer would be inappropriate. Stonehenge, Ltd. v. Garcia (1998) 989 F. Supp. 539 (Emphasis

4

added).

The venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors. P&S Business Machines, Inc. v. Canon USA, Inc. (2003) 331 F. 3d 804, 807.

Defendants, in their moving papers rely on the case of Stewart Org, Inc. v. Ricoh Corp. (1988) 487 U.S. 22, 29 in which the United States Supreme Court considered the weighted to be given to a contractual forum selection clause on a Motion to Transfer Venue to an alternative forum. The court held that section 1404(a) calls on the District Court to weigh in the balance a number of case specific factors. The case of Jones v. GNC Franchising, Inc. 9th Cir. (2000) 211, F3d. 495, 498-499 applied the Stewart factors which included (1) the place of negotiation and execution of the agreements; (2) the state most familiar with governing law; (3) the plaintiff's choice of forum; (4) the parties' contacts with the chose forum; (5) the extent and relation of the contacts with the cause of action in the chosen forum; (6) the variance in litigation costs between the two forums; (7) ability to compel attendance of unwilling non-party witnesses; (8) accessibility to sources of proof; (9) presence of a forum selection clause; and (10) relevant public policy of the forum state.

Defendants, in their moving papers, only address 4 of the 10 factors and is completely vacant with regard to the factors such as the state most familiar with the governing law, Plaintiff's choice of forum, parties contact with the choice of forum, the presence of the forum selection clause and the relevant public policy of the forum state.

Defendants allege in applying the factors set forth above, that the relationship between Synnex and Atlanta Telephone Company ("ATC") has nothing to do with the State of California. Instead they allege that the relationship between Synnex and ATC arises from contacts and communications representatives from Synnex in Greenville, South Carolina and representatives of ATC in Duluth, Georgia. Defendants further

5

allege that the products of this dispute were ordered by ATC by submitted purchase orders to Synnex in Greenville, South Carolina, the products were allegedly delivered to ATC from Synnex' warehouse in Georgia and ATC made payments to Synnex for the products ordered and received to Synnex' Post Office box in Georgia. These allegations even if taken as true, only address factors 1 and 5.

Defendants allege that the financial impact of litigation favors Georgia forum. They allege that all witnesses of ATC are in the Northern District of Georgia, all third party witnesses are from Alphretta, Georgia or Greenville, South Carolina. Defendant's contend that any witness will have to travel over 2000 miles to attend trial in California. These allegations only address factor 6, the variance of litigation costs between the parties.

Based upon these limited factors, ATC requests that the Court grant their Motion to Transfer Venue to the Northern District of Georgia, Atlanta Division.

It is Plaintiff's contention that a Plaintiff's choice of forum is accorded substantial weight in proceedings under section 1404(a). Courts generally will not order a transfer unless the "convenience" and "justice" factors numerated above strongly favor venue elsewhere.

The moving party has the burden of showing that the convenience of parties and witnesses and interest of justice requires transfer to another district. Commodity Futures Trading Commission v. Savage 9th Cir. (1979) 611 F. 2d 270, 279; Los Angeles Memorial Coliseum Commission v. NFL (1981) 89 FRD 497, 499, Aff'd 9th Cir. (1984) 726 F.2d 1381.

A transfer will not be ordered if the result is merely to shift the inconvenience for one party to another. The parties seeking the transfer has the burden of demonstrating that trial in the district where the action is pending will result in a clear balance of inconveniences to him or her Harris Trust & Savings Bank v. SLT Warehouse Co., Inc.

PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION
FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

(1985) 605 F. Supp. 225, 227.

The case of <u>Jones v. GNC Franchising</u> Supra citing the case of <u>The Bremen Holding v. Zapata Offshore Co.</u> (1972) 407 U.S. 1 stated that a forum selection clause is presumptively valid and should not be set aside unless the party challenging the clause clearly shows that the enforcement would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching.

In the case of <u>Republic Mortgage Insurance Company and RMIC Corporation v. Brightware, Inc.</u> 35 F. Supp. 2d 482; (1999) U.S. Dist. 1551 in which the Defendant brought a Motion to Dismiss Plaintiff's action for transfer under 28 U.S.C. 1404(a) to the United States District Court for the Northern District of California from the North Carolina General Court of Justice, Superior Court Division pursuant to forum selection clause for a breach of contract action. The parties entered into two agreements that each contain a choice of law provisions and a forum selection clause to agree to be governed by California law and to bring any actions relating to the agreements in San Francisco, California. The court found that the forum selection clauses were prima facie valid and would be enforced unless Plaintiff showed that enforcement would be "unreasonable" or "seriously inconvenient". The court granted Defendants Motion to Transfer on the following ground because the forum selection clause was valid, the transfer to California was not seriously inconvenient, California law applied, and because California had an interest in a dispute in which its corporation was not paid for services. Defendant <u>Brightware</u> was a Delaware Corporation with its headquarters and principal place of business in California.

In the present case, Defendants have failed to meet their burden. They have failed to show that the forum selection clause is unreasonable or seriously inconvenient. The present case is analogous to the <u>Republic Mortgage Insurance Company and RMIC Corporation v. Brightware, Inc.</u> (Supra) in that the forum selection clause is valid,

7

PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION
FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

California has not be shown to be a seriously inconvenient forum, California law applies in this matter, and because California has an interest in the dispute in that Synnex Corporation is a Delaware Corporation with its headquarters and principal place of business in the State of California which as not been paid for their products by Defendants.

Further, in the case of <u>Republic Mortgage Insurance Company and RMIC Corporation v. Brightware, Inc.</u> (Supra) stated that there has been no evidence stating fraud and overreaching in the inclusion of the forum selection clauses in these agreements and <u>RMIC</u> has made no complaint as such. <u>RMIC</u> argued that no negotiations, no bargaining, and no discussions took place over either the forum selection clause or the choice of law provisions. The court held that <u>RMIC</u> cannot now avoid a provision of a freely entered contract because it did not consider the provision carefully at the time the agreements were negotiated. Despite <u>RMIC's</u> argument, the agreements were far from an adhesion contract in which these provisions were forced upon a unsuspecting consumer. Rather the court held that these agreements were negotiated between two sophisticated business entities.

In the present case, Mr. John C. Peacock, CFO and CEO of Defendant alleges in his Declaration on Page 5, Paragraph 28, Lines 9-12, that he does not recall ever signing the credit application or affixing his stamped signature to the credit application and therefore, is insinuating that he was unaware of the forum selection clause in the agreement. However, as held in the <u>Republic Mortgage Insurance Company v. Brightware, Inc.</u> (Supra) case, this agreement was negotiated between two sophisticated business entities and Defendant cannot now avoid the provision of a freely entered contract because he allegedly does not remember signing the agreement at the time of negotiations.

Further, Defendants argue that California is an inconvenient forum on the ground

8

PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION
FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

that the financial impact of the litigation would be unjust since all their witnesses and third party witnesses have to travel 2000 miles to appear in California.

As set forth in the case of Republic Mortgage Insurance Company v. Brightware, Inc. (Supra), the party seeking to void the clause should clearly show that enforcement would be unreasonable and unjust. The court held that the choice of San Francisco in the agreements does not meet the standard necessary to be deemed inconvenient. The party challenging the clause must demonstrate that the specified forum is so "seriously inconvenient" that they would be deprived of an opportunity to participate in the adjudication. While San Francisco may be a more distant forum for RMIC than North Carolina, distance and expense are not the yardsticks of inconvenience in an agreement that is freely negotiated such as this one. Whatever inconvenience RMIC would suffer by being forced to litigate, in the contractual form as it agreed to, was clearly foreseeable at the time of contracting. Rather a forum selection clause should be invalidated on the grounds of inconvenience "only if enforcement would effectively deprive a party of his day in court". RMIC has made no such showing of "grave" or "serious" inconvenience.

As in the present case, Defendants have failed to show that the choice of venue in Northern California as set forth in the agreement, meets the standard necessary to be deemed inconvenient. While San Francisco is a distant forum for Defendants, it is not tantamount to inconvenience, in an agreement that is freely negotiated between the parties. The defendants were fully aware and it was foreseeable by entering into the agreement with Synnex, that in the event of a lawsuit, California would have jurisdiction and venue. Defendants, in no way, would be deprived of their day in court if the forum selection clause in enforced.

In addition to "inconvenience" forum selection clauses have found to be "unreasonable" and therefore, have not been enforced when the selected forum is one with which neither party to the contract had a connection Medical Legal Consulting

PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION
FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

Serv., Inc. v. Covarrubias 648 F. Supp. 153, 157 (D. Md. 1986). This factor did not prohibit consideration of the forum selection clause in the case of <u>Republic Mortgage Insurance Company v. Brightware, Inc.</u> (Supra). The court held that although RMIC may not have had much, or any, connection to San Francisco, all that is required for a freely negotiated forum selection clause to be reasonable is that one of the parties to the agreement have a connection to the contractual choice of forum. The court held that Defendant is clearly connected to California, (Defendant's principal place of business is in California), and, after it has freely negotiated for the right to demand suit in California, it would not be appropriate for this court to upset the balance of its bargain.

In the present case, although Defendant alleges that they do not have any contact with the State of California, Plaintiff, Synnex' headquarters and principal place of business is in Fremont, California and the parties freely negotiated the right to demand suit in California, it would be inappropriate of the court to upset the balance of the parties bargain in the present matter.

Additionally, the case of <u>Republic Mortgage Insurance Company v. Brightware, Inc.</u> (Supra) stated with regard to the factors set from in the case to <u>Stewart Org. v. Ricoh Corp.</u> (Supra). The first factor – the Plaintiff's initial choice of forum – would seemingly favor North Carolina, because that is where RMIC originally filed this action. However, these factors must be viewed with reference to "the parties" expressed preference" for California and "in light of the forum selection clause." <u>Stewart Org. v. Ricoh, Corp.</u> (Supra) 487 U.S. at 29. When a forum selection clause is part of the balancing, as <u>Stewart Org. v. Ricoh, Corp.</u> (Supra) requires, it is more logical to consider plaintiff's initial choice of forum to get the forum that is contractually agreed upon. As the Eleventh Circuit stated shortly after the Supreme court's <u>Stewart Org. v. Ricoh, Corp.</u> (Supra) decision:

> The federal courts traditionally have accorded a plaintiff's choice of forum

considerable deference. Thus, in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient. When, however, the parties have entered into a contract containing a valid, reasonable choice of forum provision, the burden of persuasion is altered.

In attempting to enforce the contractual venue, the movant is no longer attempting to limit the plaintiff's right to choose its forum; rather, the movant is trying to enforce the forum that the plaintiff had already chosen: the contractual venue. In such cases, we see no reason why a court should accord deference to the forum in which the plaintiff filed its action. Such deference to the filing forum would only encourage parties to violate their contractual obligation, the integrity of which are vital to our judicial system.

In the present case, the Plaintiff's choice of forum favors California because it is where Plaintiff has filed this action and the forum selection clause also states California, the forum that was contractually agreed upon by the parties. Defendants, in their moving papers, are requesting that the court order that the forum that they had already chosen and agreed to contractually is unenforceable. Such request will only encourage parties to violate their contractual obligations which is vital to our judicial system.

The court in the case of Republic Mortgage Insurance Company v. Brightware, Inc. (Supra) after giving full consideration to the forum selection clause in the section 1404(a) balancing held that it was clear that California is the more appropriate forum for the dispute.

Applying the 1404(a) balancing test with regard to the factors set forth if Stewart v. Ricoh (Supra) to the present case, the weight and outcome of each of these factors is inconclusive. First and foremost as set forth previously, Defendants have failed to address 6 of the 10 factors. With regard to the factors they conveniently failed to

PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION
FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

address: (1) The state most familiar with governing the law is California. The agreement which is the subject matter of this action specifically states that the contract should be governed and constructed in accordance with the laws of the State of California. (2) The Plaintiff's choice of forum is California where they filed the above entitled action. (3) The Plaintiff's contact with the chosen forum, California is where Plaintiff has it's headquarters and principal place of business in Fremont, California. (4) The presence of a forum selection clause in which the parties contractually agreed that the venue be in Northern District of California and (5) Litigation costs between the two forums, no matter which forum is selected, will be burden with bringing themselves and their witnesses from a distance. Therefore, these factors do not help determine which forum is proper.

In the case of <u>Kodak Polychrome Graphics, LLC v. Southwest Precision Printers, Inc.</u> 2005 U.S. Dist. Lexis 22359, the Connecticut company and the Texas company signed a customer agreement in 2003 which included a forum selection clause that required them to file suit under the agreement in a court of competent jurisdiction in Connecticut, and the Connecticut company filed suit in federal district court in Connecticut, alleging that the Texas company breached the agreement. The Texas company filed counterclaims against the Connecticut company and also filed a motion, pursuant to 28 U.S.C. Section 1404(a), to transfer venue to the U.S. District Court for the Southern District of Texas. The court held that the Texas company had the burden of showing by clear and convincing evidence that a change of venue was warranted and it failed to meet its burden. In reaching its decision, the court gave significant weight to the fact that the parties included a forum selection clause in their agreement, that the Connecticut company chose to file suit in Connecticut, that the Texas company litigated the case in Connecticut for six months before it filed its motion, and the parties' agreement was governed by Connecticut Law.

In the present case, the Court should give significantly weight to the fact that the

PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION
FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

parties included a forum selection clause in the agreement, that Plaintiff chose to file suit in California, that Defendant's litigated this case in California for three months before it filed its motion and the parties agreement is governed by California law. As in the Kodak Polychrome Graphics, LLC v. Southwest Precision Printers, Inc. (Supra) the court, in the present matter, should deny Defendant's Motion to Transfer Venue.

In conclusion, Defendants have failed to meet their burden in that they have failed to meet 6 of the 10 factors addressed in Stewart Org, Inc. v. Ricoh Corp..(Supra) rendering the weigh and outcome of these factors inconclusive and have failed to find that the forum selection clause in the contract is unreasonable, unjust or seriously inconvenient.

### III.
### CONCLUSION

Based upon all the foregoing reasons, and on all the authorities cited herein it is respectfully requested that the Court deny Defendant's Motion to Transfer of Venue.

Dated: October 3, 2007                    GALEN & DAVIS, LLP

                                          By: _____
                                          Jeffrey M. Galen, Esq.
                                          Attorneys for Plaintiff,
                                          Synnex Corporation

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA            )
                               )
COUNTY OF LOS ANGELES          )

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action, my business address is 16255 Ventura Boulevard, Suite 900, Encino, California 91436.

     This Document was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system and by U.S. Mail. Parties may access this filing through the Court's system.

     On October 4, 2007, I served the foregoing document described as **PLAINTIFF, SYNNEX CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION FOR TRANSFER OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES** by depositing a true copy thereof enclosed in a sealed envelope as follows:

> Liz Clack-Freeman
> Anderson, Tate & Carr, P.C.
> 1505 Lakes Parkway, Suite 100
> Lawrenceville, GA 30043
>
> Thomas H. Carlson, Esq.
> Rogers Joseph O'Donnell
> 311 California Street
> San Francisco, CA 94104

( )    (VIA FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

(X)    (VIA MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Encino, California.

( )    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

( )    (HAND DELIVERED) I caused such envelope(s) to be hand delivered, addressed to the person(s) on who it is to be served.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed October 4, 2007 at Encino, California.

Sheri Young
Print Name

_____
Signature