<u>**APPENDIX A - JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**</u>

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Synnex Corporation, a Delaware Corporation, | \| |
|                          **Plaintiff(s),** | \|    **CASE NO. 07-CV-03638 EDL** |
|            v. | \|    **JOINT CASE MANAGEMENT STATEMENT** |
| Peacock Communications, ATSSC, Inc. a Georgia Corporation, and DOCS 1 to 50, Incl. | \|    **AND PROPOSED ORDER** |
|                     **Defendant(s).** | \| |

      **The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. ATC's joining and submission of this Case Management Statement and Proposed Order is without prejudice to its pending Motion to Transfer Venue of this matter to the Northern District of Georgia.**

### DESCRIPTION OF THE CASE

    **1. A brief description of the events underlying the action:**

Plaintiff, Synnex Corporation ("Synnex") is a Delaware corporation with its principal place of business in Fremont, California.  Synnex is a global information technology supply chain services company which includes IT distribution, contract assembly services and logistics services.  As an IT distributor, Synnex is aligned with leading suppliers in computer systems, peripherals, system components, software and networking products.  Synnex does not sell or distribute to the consumer, but sells to specific resellers who thereupon sell to the consumer.  Additionally, when Synnex sell products to resellers and reseller requests a return of product, Synnex will provide a Return Merchandise Authorization (RMA) number for the return of a specific product.  Upon approval, and when the product is returned to Synnex, the reseller is entitled to a credit for the value of the returned product.

Defendant, Peacock Communications ATSSC, Inc., d/b/a Atlanta Telephone Company ("ATC") is a Georgia corporation with its principal place of business in Duluth, Georgia.  ATC is a reseller of computer systems, peripherals, system components, software and networking products.

In January of 2003, the parties established a relationship at which time Synnex was an authorized distributor of Nortel and Avaya products.  In February of 2003, ATC became an authorized reseller for Nortel and began purchasing Nortel products from Synnex.  In September of 2005, ATC became an authorized reseller for Avaya and began purchasing Avaya products through Synnex.

Through its relationship with Avaya, Avaya offered ATC certain discounts on purchases made through its authorized distributors, including Synnex.  ATC's discount on Avaya products was to be calculated as follows: 10% of the National Price List ("NPL") which was to be deducted from the Dealer Price in order to calculate the price ATC was to be charged for Avaya products. Based on those assurances, ATC began doing business with Synnex as an authorized distributor

for Avaya.  On multiple occasions, ATC confirmed with Synnex its understanding that the 10% discount was being provided by Synnex

Synnex contends in this action that the parties entered into an agreement in which Synnex, pursuant to purchase orders submitted by ATC, sold and delivered computer products to ATC for which ATC has failed to pay Synnex.  Synnex contends that ATC breached the agreement by failing to pay Synnex for the products ordered and received in the amount of $658,271.31. Further, Synnex contends that they did in fact provide the 10% discount as agreed upon for the purchase of Avaya products by ATC.

ATC disputes these contentions and contends that Synnex failed to provide ATC with the 10% discount that the parties agreed to with regard to the purchase of the Avaya products from Synnex.  As a result of Synnex' alleged failure to provide said discount during the course of their relationship, ATC contends that they overpaid Synnex approximately $500,000.00.

Further, ATC contends that it purchased Nortel products from Synnex during the period of 2003 through January, 2007.  ATC alleges that they were authorized to return defective Nortel products to Synnex in order to receive a credit of the defective product during the manufacturers warranty period.  ATC contents that Synnex has refused to accept the return of defective Nortel products in excess of $150,000.00.

**2.  The principal factual issues which the parties dispute:**

(1)     Whether ATC is indebted to Synnex in the amount of $658,271.31 or for any other amount?
(2)     Whether Synnex provided ATC a discount on its purchase of Avaya products and whether that discount was in the amount and percentage that was promised to ATC.
(3)     Whether ATC overpaid Synnex approximately $500,000.00 as a result of Synnex's failure to provide the agreed to discount on its sale of Avaya products to ATC.
(4)     Whether ATC is entitled to a credit for approximately $150,000.00 for defective Nortel products that it purchased from Synnex and that it attempted to return to Synnex during the manufacturer's warranty period..

**3.  The principal legal issues which the parties dispute:**

(1)     Whether ATC breached an agreement with by failing to pay Synnex the amount of $658,271.31.
(2)     Whether Synnex breached its agreement with ATC by failing to provide the 10% discount on its sale of Avaya products to ATC.
(3)     Whether Synnex breached its agreement with ATC by failing to accept the return of defective Nortel products that were purchased from it by ATC and that ATC attempted to return during the manufacturer's warranty period.
(5)     Whether Synnex breached the duty of good faith and fair dealing that it owed to ATC.
(6)     Whether Synnex violated Cal. Bus. & Prof. Code § 17000 *et seq.* in its dealings with ATC.

**4.  The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

ATC does not believe that Synnex's Answer to ATC's Counterclaim complies with the Federal Rules of Civil Procedure.  Synnex is amending its Answer to Counterclaim in compliance with Federal Rules of Civil Procedure.  ATC disputes that venue is appropriate in this court and has filed a motion to transfer venue pursuant to 28 U.S.C. § 1404.  Synnex has opposed  that motion and the court is scheduled to hear arguments on that motion on October 23, 2007.

**5. The parties which have not been served and the reasons:**

None.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

None.

**7. The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**

ATC has demanded a jury trial.   Synnex has demanded a court trial.


## ALTERNATIVE DISPUTE RESOLUTION

**8.** *[Please indicate the appropriate response(s).]*
☐ **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____.

**The parties have filed a Stipulation and Proposed Order Selecting an ADR process** *(specify process):*_ _____ *.*
☐ **The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for** _____.

X **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is**
_____.

**9.  Please indicate any other information regarding ADR process or deadline.  ATC believes that a stipulation as to an appropriate ADR process is premature at this time in light of ATC's pending motion to transfer venue of this matter to the Northern District of Georgia.  ATC will confer with opposing counsel to select an ADR process once the Court rules on ATC's pending motion, if this case remains in this Court.**

## DISCLOSURES

**10.  The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]***:**

Please see Plaintiff's Initial Disclosures filed with the Court on October 3, 2007 and Plaintiff's Amended Initial Disclosures filed with the Court on October 10, 2007.

ATC confirms that it has provided its responses to Initial Disclosures to Plaintiff as of the date of the filing of this report in compliance with the Federal Rules of Civil Procedure and the local rules of this court.

## DISCOVERY & MOTIONS

**11.  The parties agree to the following discovery plan** *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

Depositions of party witnesses, Deposition of third party witnesses, Interrogatories, Request for Admissions and Document Production.

The parties suggest that the discovery cut off be 60 days before trial.
The parties suggest that all expert witnesses be designated 60 days before trial.
The parties suggest expert depositions be taken no later than 30 days before trial.
The parties suggest that the last day to hear motions be 20 days before trial.

## TRIAL SCHEDULE

**12.  The parties request a trial date as follows:**

July, 2008.

**13.  The parties expect that the trial will last for the following number of days:**

Trial will last 3 days.

Dated:  __October 16, 2007__          _/s/_____ __Jeffrey M. Galen__
                                      **[Typed name and signature of counsel.]**

Dated:  __October 16, 2007__          _/s/___ __Liz Clack-Freeman__
                                      **[Typed name and signature of counsel.]**


## CASE MANAGEMENT ORDER

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:**

> *[The Court may wish to make additional orders, such as:*
> *a. Referral of the parties to court or private ADR process;*
> *b. Schedule a further Case Management Conference;*
> *c. Schedule the time and content of supplemental disclosures;*
> *d. Specially set motions;*
> *e. Impose limitations on disclosure or discovery;*
> *f. Set time for disclosure of identity, background and opinions of experts;*
> *g. Set deadlines for completing fact and expert discovery;*
> *h. Set time for parties to meet and confer regarding pretrial submissions;*
> *I. Set deadline for hearing motions directed to the merits of the case;*
> *j. Set deadline for submission of pretrial material;*
> *k. Set date and time for pretrial conference;*
> *I. Set a date and time for trial.]*


Dated: _____  _____
                         **UNITED STATES DISTRICT/MAGISTRATE JUDGE**